1 **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                     FOR THE DISTRICT OF ARIZONA

8

9   Bharatkumar J. Kapadia,                    )     No. 06-CV-1359-PCT-EHC
                                               )
10            Plaintiff,                        )     **ORDER**
                                               )
11  vs.                                         )
                                               )
12  Edith Thompson; John Czernics;             )
    Paul Czernics;  James  Hatfield,  James)
13  Czernics                                   )
                                               )
14            Defendants.                       )
                                               )
15  _____)

16        Before the Court are Plaintiff's Motion for Default Judgment (Dkt. 106), Defendant

17  James Czernics' Motion to Strike (Dkt. 109), and Defendant Edith Thompson's Motion to

18  Reconsider the Trial Date (Dkt. 110).  Plaintiff Bharatkumar J. Kapadia ("Plaintiff" or

19  "Kapadia") is represented by counsel.  Defendants Edith Thompson, John Czernics, Paul

20  Czernics and James Czernics appear *pro se*.[1]  Defendant James Hatfield is represented by

21  counsel.

22        On November 25, 2008, Plaintiff Kapadia filed a "Motion for Entry of Default

23  Judgment" against Defendant James Czernics. (Dkt. 106.)  Defendant James Czernics filed

24  a "Motion to Deny and Motion to Strike Plaintiff[']s Motion to Dismiss James Czernics[,]

25  _____

26        [1]The Ninth Circuit upholds a "policy of liberal construction in favor of *pro se*
    litigants." Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998).  Litigants have a statutory
27  right to self-representation in civil matters, see 28 U.S.C. § 1654, and are entitled to
    meaningful access to the courts. Rand, 154 F.3d at 957 (citations omitted).  Consequently,
28  the Court tolerates informalities from civil *pro se* litigants like the Defendants.

1   Defendant in Pro Per" in response to Plaintiff's motion.  (Dkts. 108 & 109.)[2]  Plaintiff filed

2   a "Reply to Defendant James Czernics' Motion to Deny and Motion to Strike Plaintiff[']s

3   Motion to Dismiss James Czernics[,] Defendant in Prop Per."  (Dkt. 113.)  Defendant Paul

4   Czernics also filed a Response in Opposition to Plaintiff's Motion for Default Judgment.

5   (Dkt. 114.)  Defendant James Czernics filed a "Response to Plaintiff and Supplemental

6   Motion to Deny and Strike Plaintiff[']s Motion for Default Judgement and Response to

7   Plaintiff[']s Motions."  (Dkt. 115.)  Defendant James Hatfield did not file any responses or

8   objections to the motions mentioned above.

9   **I.    Background**

10          The parties dispute the identity of beneficiaries of a life insurance policy.  On

11   September 4, 2003, former plaintiff Protective Life Insurance Company ("Protective") issued

12   a life insurance policy ("Policy") to Maria E. Hatfield ("Maria"), in the amount of $100,000.

13   Maria's children, including Edith Thompson, John Czernics, James Czernics, and Paul

14   Czernics, were originally named in the Policy as the beneficiaries.  Maria allegedly amended

15   her Policy and designated Kapadia as the beneficiary.  (Dkt. 1, ¶ 13.)  After Maria's death,

16   on February 8, 2006, Kapadia submitted a claim to Protective for the proceeds of the Policy

17   asserting he was the sole beneficiary.  (Dkt. 1, ¶ 16.)  Edith Thompson, John Czernics, James

18   Czernics, and Paul Czernics, also submitted claims to Protective for the proceeds of the

19   Policy as named beneficiaries when the policy was made.  (Dkt. 1, ¶ 17.)  James Hatfield,

20   Maria's former husband, alleges that the Policy premiums were paid with community

21   property funds and he is the sole beneficiary of the Policy, although he was never named as

22   a beneficiary.  (Dkt. 13 at 1.)

23          Protective filed a Complaint in Interpleader.  (Dkt. 1.)  Kapadia, Edith Thompson,

24   James Hatfield, John Czernics, and Paul Czernics filed answers.  (Dkts. 8, 11, 13, 21, & 22.)

25   After depositing the disputed funds with the Court, Protective was dismissed from this

26

27          [2]Docket numbers 108 and 109 are the same document, although one is designated as

28   a Response and the other as a Motion.

1   interpleader action and discharged from liability, on December 4, 2006. (Dkt. 36.) Kapadia,

2   previously a defendant, by Court order was named the sole plaintiff in the case, on July 23,

3   2007. (Dkt. 45.)

4   **II.      Plaintiff's Motion for Default Judgment**

5        A clerk's entry of default was entered against James Czernics, on August 30, 2006,

6   for failure to answer Protective Life Insurance Company's Complaint in Interpleader. (Dkt.

7   23.) Plaintiff now seeks a default judgment against Defendant James Czernics. (Dkt. 106.)

8        Plaintiff argues that "Defendant James Czernics should be removed as a party to this

9   litigation and an Order should be entered precluding him from any recovery." (Dkt. 106 at

10   2.) Plaintiff offers no legal support for this argument. Plaintiff further notes that "the

11   remaining parties to this lawsuit have reached [a settlement] agreement," which is attached

12   to Plaintiff's motion. (Id.)

13        Defendant James Czernics argues that Plaintiff has failed to copy him to any

14   disclosures, motions, or pleadings, making it impossible for him to participate, although he

15   is a party to this action. (Dkt. 115.) Defendant James Czernics also asserts that he has

16   appeared at every hearing in this action. (Id.) Defendant Paul Czernics argues that James

17   Czernics is a litigant to this action and notes that the Court may set aside an entry of default

18   for good cause. (Dkt. 114.) Defendants James Czernics and Paul Czernics further assert that

19   a settlement agreement has not been reached and correctly note that the "agreement" attached

20   to Plaintiff's motion is not signed. (See Dkts. 114 & 115.)

21        Entry of default judgment is governed by Federal Rule of Civil Procedure 55 and is

22   left to the Court's sound discretion. Philip Morris USA, Inc. v. Catworld Products, Inc., 219

23   F.R.D. 494, 498 (C.D. Cal. 2003) (citing Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.

24   1980)). Because granting or denying relief is entirely within the Court's discretion, a

25   defendant's default does not automatically entitle a plaintiff to a court ordered judgment. See

26   Id. The Court has considerable leeway as to what it may require as a prerequisite to the entry

27   of a default judgment, pursuant to Rule 55. The Court may consider the following factors

28   in exercising its discretion to award a default judgment:

1           (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
2           substantive claim, (3) the sufficiency of the complaint, (4) the sum of money
          at stake in the action; (5) the possibility of a dispute concerning material facts;
3           (6) whether the default was due to excusable neglect, and (7) the strong policy
          underlying the Federal Rules of Civil Procedure favoring decisions on the
          merits.

4 Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986).

5       According to Federal Rule of Civil Procedure 54(b), "when multiple parties are

6 involved, the court may direct entry of a final judgment as to one or more, but fewer than all,

7 claims or parties **only if** the court expressly determines that there is no just reason for delay."

8 Fed.R.Civ.P. 54(b) (emphasis added). The controlling case on whether default judgment

9 should be entered when there are multiple defendants is Frow v De La Vega, 82 U.S. 552

10 (1872). "The Court held in Frow that, where a complaint alleges that defendants are jointly

11 liable and one of them defaults, judgment should not be entered against the defaulting

12 defendant until the matter has been adjudicated with regard to all defendants." Nielson v.

13 Chang (In re First T.D. & Inv. Inc.), 253 F.3d 520, 532 (9th Cir. Cal. 2001) (citing Frow, 82

14 U.S. at 554-55).

15       The Ninth Circuit has interpreted the rule in Frow to apply to defendants who have

16 closely related defenses or are otherwise similarly situated, even if not jointly and severally

17 liable. Id. at 532 (citing Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc., 740 F.2d 1499,

18 1512 (11th Cir. 1984)). Judgment should not be entered against one defendant until the

19 matter has been adjudicated with regard to all defendants, if judgment would produce

20 "logically inconsistent judgments in the same action." Chang, 253 F.3d at 532; see also

21 Shanghai Automation Instrument Co. v. Kuei, 194 F.Supp.2d (N.D.Cal. 2001) (noting that

22 if the liability of all the defendants is uniform then the Court should not enter default

23 judgment against one defendant until the matter has been adjudicated with regard to all

24 defendants).

25       Here, Defendants Paul Czernics, Edith Thompson, John Czernics, and James Czernics

26 are similarly situated. Defendants argue that they are joint beneficiaries of the Policy. If the

27 Court finds in favor of Defendants Paul Czernics, Edith Thompson, and John Czernics, who

28

1  answered the original complaint, then the Court would also likely find in favor of Defendant

2  James Czernics, which would be inconsistent with a default judgment against him.

3       In addition, the Complaint does not set forth any facts that would support a judgment

4  in Plaintiff's favor.  Entry of default judgment is proper if the facts established by the default

5  support the cause of action pled in the complaint.  See TeleVideo Systems, Inc. v.

6  Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987) (explaining that when a default has been

7  entered, the factual allegations of the complaint must be considered true).  Here, the Plaintiff

8  and the Defendants were originally named as co-defendants in an interpleader action.  The

9  complaint, which Defendant James Czernics failed to answer, was a Complaint in

10 Interpleader, and it does not set forth any facts that would justify a judgment in Plaintiff's

11 favor.

12      Further, Plaintiff does not allege and the Court does not see any prejudice to the

13 Plaintiff if default is not entered.  Plaintiff merely asserts that default judgment should be

14 entered because there is a clerk's entry of default.  Plaintiff fails to support this argument.

15 Therefore, Plaintiff fails to persuade the Court to enter default judgment against Defendant

16 James Czernics.

17 **III.    Defendant James Czernics' Motion to Strike**

18      Defendant James Czernics filed a "Motion to Deny and Motion to Strike Plaintiffs

19 Motion to Dismiss James Czernics Defendant in prop per." (Dkt. 108.)  The Court construes

20 Defendant's motion as a motion to set aside the entry of default.  See Rand, 154 F.3d at 957

21 (the Ninth Circuit upholds a "policy of liberal construction in favor of *pro se* litigants").

22      An entry of default cuts off a defendant's right to appear in an action or present

23 evidence.  Clifton v Tomb, 21 F.2d 893, 897 (4th Cir. 1927); see also Great American Ins.

24 Co. V. M.J. Menefee Const., Inc., 2006 WL 2522408, *2 (E.D.Cal. 2006) (the Clerk of

25 Court's entry of default cuts off Defendant's right to appear in the action, file counterclaims,

26 or to present evidence).  A defendant, however, may file a motion to set aside the default,

27 pursuant to Federal Rule of Civil Procedure 55(c).

28

1   The Court may set aside an entry of default "for good cause."  Fed.R.Civ.P. 55(c).

2   Whether to set aside the entry of default is within the Court's discretion.  <u>Savarese v. Edrick</u>

3   <u>Transfer & Storage, Inc.</u>, 513 F.2d 140, 146 (9th Cir. 1975).  The Court may consider the

4   following factors: (1) whether James Czernics engaged in culpable conduct that led to the

5   default; (2) whether setting aside the entry of default would prejudice Kapadia; and (3)

6   whether James Czernics has a meritorious defense.  <u>Franchise Holding II, LLC v. Huntington</u>

7   <u>Rest.'s Group, Inc.</u>, 375 F.3d 922, 926 (9th Cir. 2004).

8   Here, the Court finds good cause to set aside Defendant James Czernics' entry of

9   default.  James Czernics has personally appeared at several of the hearings in this action,

10  including the settlement conference before the Magistrate Judge, and claims to be "a very

11  active litigant in this case."  (<u>See</u> Dkts. 39, 55, 99, 101, & 115 at 2.)  It appears from James

12  Czernics' motion and response that, as a *pro se* litigant, he did not fully understand his

13  responsibility regarding the Complaint in Interpleader or the consequences of his failure to

14  individually answer the Complaint.  James Czernics also claims that because he lives in a

15  rural area "where there is no mail delivery to street addresses[,] only post office boxes," it

16  is difficult for him to respond in a proper manner and participate.  (Dkt. 108 at 1.)  He has

17  relied upon his co-defendant siblings for information regarding this action.  (Dkt. 115 at 1.)

18  In addition, setting aside the default will not prejudice Kapadia and will support the strong

19  policy favoring a decision on the merits.

20  **IV.   Defendant Edith Thompson's Motion for Reconsideration of Trial Date**

21  Having considered the Defendants' proposed dates, the potential scheduling conflicts

22  of the parties, and the Court's calender, the Court set the bench trial for January 15, 2009 and

23  final pretrial conference for January 8, 2009.  (Dkt. 105.)  Defendant Edith Thompson filed

24  a Motion for Reconsideration of Trial Date, requesting that the Court move the trial date to

25  January 26, 2009 and final pretrial conference to January 19, 2009.  (Dkt. 110.)  Thompson

26  requests that the Court move the trial date and final pretrial conference because she will be

27  out of the country for the January 8th final pretrial conference.  (<u>Id</u>. at 2.)

28

1    Plaintiff expressed "no objection to a continuance of the trial date until late January,

2    2009 or the first available date thereafter." (Dkt. 112.) Defendant Paul Czernics informed

3    the Court that "Pro Se Defendants are eager to move forward to Trial" and requests that "a

4    January Trial date should not be compromised..." (Dkt. 114 at 2.) Defendant James Czernics

5    also states that he "does not want, for any reason[,] the date for trial[] to be delayed any

6    longer." (Dkt. 115 at 3.)

7    Thompson will be out of the country until January 13, 2009. The bench trial is set for

8    January 15, 2009. The Court is unable to move the final pretrial conference and trial without

9    further postponing the trial. Thompson may appear at the January 8, 2009 final pretrial

10   conference by telephone, according to the Court's November 18, 2008 Order.

11   Accordingly,

12   **IT IS ORDERED** that Plaintiff's "Motion for Entry of Default Judgment" (Dkt. 106)

13   is **denied**.

14   **IT IS FURTHER ORDERED** that Defendant James Czernics' Motion to Strike

15   (Dkt. 109), construed as a Motion to Set Aside Entry of Default, is **granted**.

16   **IT IS FURTHER ORDERED** that the Clerk's Entry of Default against Defendant

17   James Czernics (Dkt. 23) shall be set aside, pursuant to Federal Rule of Civil Procedure

18   55(c).

19   **IT IS FURTHER ORDERED** that Plaintiff Bharatkumar J. Kapadia's counsel must

20   send to Defendant James Czernics copies of all pleadings, motions, and/or disclosures filed

21   by Plaintiff in this action, pursuant to the Local and Federal Rules of Civil Procedure.

22   **IT IS FURTHER ORDERED** that Defendant Edith Thompson's Motion for

23   Reconsideration of Trial Date (Dkt. 110) is **denied**.

24   **IT IS FURTHER ORDERED** that the parties may appear at the Final Pretrial

25   Conference telephonically, according to the Court's November 18, 2008 Order (Dkt. 105).

26   **IT IS FURTHER ORDERED** that Defendants Edith Thompson, James Czernics,

27   and John Czernics and Plaintiff Bharatkumar J. Kapadia shall file any pretrial disclosures,

28

1   pursuant to Federal Rule of Civil Procedure 26(a)(3) and the Court's November 18, 2008

2   Order.[3]

3           DATED this 15th day of December, 2008.

4

5

6

7

8   _____

9                       Earl H. Carroll
                  United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27       [3]Final pretrial disclosures were due on November 28, 2008.  (Dkt. 105)   Only
     Defendants James Hatfield and Paul Czernics filed timely pretrial disclosures.  (See Dkts.
28   107 & 111.)